UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MIGUEL REYES-CARREON,<br><br>　　　　Petitioner,<br>v.<br>BRIAN WILLIAMS, et al.,<br><br>　　　　Respondents. | Case No. 2:15-cv-00674-JCM-CWH<br><br>ORDER |

This habeas matter under 28 U.S.C. § 2254 comes before the court on respondents' motion to dismiss petitioner Miguel Reyes-Carreon's *pro se* petition as untimely (ECF No. 6). Reyes did not file an opposition nor respond to the motion to dismiss in any way. As discussed below, this petition must be dismissed as untimely.

I.  **Background**

On March 17, 2005, Reyes-Carreon pleaded guilty pursuant to a written plea agreement to count I, second-degree murder and count II, burglary stemming from an incident in which he entered the home in which his estranged wife resided, had an altercation with the victim there and ultimately stabbed the other man with a kitchen knife, killing him (exhibit 27 to respondents' motion to dismiss).[1] The state district court sentenced Reyes-Carreon as follows—count I:  ten years to life; count II:  4 to 10 years, consecutive to count I. Exh. 29. Judgment of conviction was entered on May 2, 2005. Exh. 30.

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss (ECF No. 6) and are found at ECF Nos. 7-10, 12.

1

Reyes-Carreon did not file a direct appeal. On December 27, 2005, he filed his first proper person state postconviction petition. Exh. 31. On November 15, 2006, the Nevada Supreme Court affirmed the denial of the petition, and remittitur issued on December 12, 2006. Exhs. 46, 47.

On October 25, 2010, Reyes-Carreon filed a proper person motion to correct an illegal sentence, alleging ineffective assistance of counsel. Exh. 48. On December 23, 2010, the state district court denied the motion. Exh. 51. Reyes-Carreon appealed. Exh. 60. On April 5, 2012, Reyes-Carreon filed a proper person motion for clarification of pending litigation because he was not present when the court orally denied his motion to correct an illegal sentence. Exh. 57. The court denied the motion on May 8, 2012. Exh. 59. Reyes-Carreon appealed. Exh. 60, 61.

The Nevada Supreme Court dismissed Reyes-Carreon's pending appeals on July 27, 2012. Exh. 63. The court determined that the appeal from the denial of the motion to correct an illegal sentence was untimely filed, and therefore, the court lacked jurisdiction. The court also determined that it lacked jurisdiction over the appeal of the denial of the motion for reconsideration and clarification. *Id.* Remittitur issued August 23, 2012. Exh. 64.

On May 1, 2013, Reyes-Carreon filed his second proper person state habeas petition. Exh. 65. On October 16, 2014, the Nevada Supreme Court affirmed the denial of the second state petition, agreeing that the petition was untimely pursuant to NRS 34.726, successive and an abuse of the writ pursuant to NRS 34.810, and barred by laches pursuant to NRS 34.800. Exh. 82. The court further concluded that Reyes-Carreon failed to demonstrate good cause and prejudice to overcome the state procedural bars. *Id.* Remittitur issued on November 13, 2014. Exh. 83.

On March 24, 2015, Reyes-Carreon filed his third proper person state postconviction petition. Exh. 84. The state district court denied the petition on August 20, 2015. Exh. 5, p. 32. Petitioner did not appeal the denial of his third state petition.

Meanwhile, on or about April 1, 2015, Reyes-Carreon dispatched his federal habeas petition for mailing on July 22, 2013 (ECF No. 10). Respondents have moved to dismiss the petition as time-barred and, additionally, on the bases that the claims are unexhausted and/or not cognizable in federal habeas corpus (ECF No. 6).

## II. Legal Standards

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA) went into effect on April 24, 1996 and imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Further, a properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2).

A petitioner may be entitled to equitable tolling if he can show "'(1) that he has been pursuing his right diligently, and that (2) some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2009)(quoting prior authority). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

Ignorance of the one-year statute of limitations does not constitute an extraordinary circumstance that prevents a prisoner from making a timely filing. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a *pro se* petitioner's lack of legal

3

sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").

### B. Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

### III. Instant Action

Reyes-Carreon sets forth five grounds for relief in the petition (ECF No. 4). He contends in ground 1 that pursuant to the 2014 Nevada Supreme Court decision in *State v. White*, 330 P.3d 482 (Nev. 2014), he could not be guilty of the elements of burglary. *Id.* at 3. In ground 2 he alleges that trial counsel refused to file a timely notice of appeal. *Id.* at 5. In ground 3 he asserts that he has always alleged self-defense, the testimony presented at the preliminary hearing was false and was corrected by sworn affidavits, the police threatened witnesses, and his trial counsel was ineffective for failing to provide pre-trial investigation including into the threats by police. *Id.* at 9. As ground 4 he contends that trial counsel was ineffective for failing to assist his client, failing to develop a self-defense theory, coercion, and failing to conduct pre-trial investigation which forced Reyes-Carreon to enter a guilty plea. *Id.* at 7. As ground 5 he argues that, based on *White*, which was given retroactive effect, the elements of burglary were not met in his case and he should be permitted to withdraw his guilty plea to prove he is actually innocent of second-degree murder and to prove self-defense. *Id.* at 11.

4

The AEDPA one-year statute of limitations began to run in December 2006, when remittitur issued after the Nevada Supreme Court affirmed the denial of Reyes-Carreon's first state postconviction petition. Exhs. 46, 47. However, Reyes-Carreon filed nothing further in state or federal court until almost four years later when he filed a proper person motion to correct an illegal sentence in state district court on October 25, 2010. Exh. 48. Reyes-Carreon did not submit his federal petition for filing until about April 1, 2015. This federal petition is, therefore, time-barred, unless Reyes-Carreon is entitled to equitable tolling of the AEDPA statute of limitations. As this court has noted, Reyes-Carreon has failed to oppose the motion to dismiss or respond in any way.

First, pursuant to Local Rule 7-2(d), petitioner's failure to oppose constitutes consent to the granting of the motion. Second, unquestionably, federal grounds 2, 3, and 4 are time-barred. Reyes-Carreon was aware of the factual allegations underlying these claims at and/or immediately after the time that he entered his guilty plea, yet he took no action whatsoever for almost four years. §2244(d). He has not even argued that he is entitled to equitable tolling on any basis.

Finally, federal grounds 1 and 5 relate to the potential effect of the Nevada Supreme Court's 2014 decision in *State v. White* on Reyes-Carreon's plea of guilty to the burglary count. He first raised these claims in his third state habeas petition, filed in March 2015. However, even assuming, without deciding, that Reyes-Carreon may have timely raised these claims in his third state habeas petition, the state district court denied the petition in August 2015, and petitioner failed to appeal the denial to the Nevada Supreme Court. Accordingly, federal grounds 1 and 5 are unexhausted. Moreover, to the extent that federal grounds 1 and 5 may allude to actual innocence of the burglary count, Reyes-Carreon has failed to set forth factual allegations that would demonstrate that the circumstances in his case would fall within those addressed in the *White* case. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013); *Schlup v. Delo*, 513 U.S. 298 (1995); *State v. White*, 330 P.3d 482 (Nev. 2014).

As discussed above, respondents' unopposed motion to dismiss this petition as time-barred and for failure to exhaust is granted. This petition is dismissed with prejudice.

### IV. **Certificate of Appealability**

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950-51 (9th Cir. 2006); *see also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.*; 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (quoting *Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* Pursuant to Rule 11(a) of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meets the standard. The court will therefore deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss the petition (ECF No. 6) is **GRANTED** as set forth in this order. The petition is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that respondents' motion to file exhibit 89 under seal (ECF No. 11) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly and close this case.

DATED: August 2, 2016.

*James C. Mahan*
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE